OPINION OF THE COURT
Herbert Kramer, J.
In this foreclosure action, judgment was entered in 2007 and a sale was scheduled for April of 2009. Movant, Cheryl Ivery, attorney-in-fact for her father, defendant Tom Ivery, seeks relief under this court’s decision in Bardi v Morgan (17 Mise 3d 927 [Sup Ct, Kings County 2007]). There, this court held, inter alia, that
“in any case where an auction sale has been scheduled more than one year after the entry of the judgment of foreclosure and sale, the notice of sale is invalid and the Clerk of this court is directed to reject it, unless an amended and updated order of reference and a supplementary foreclosure judgment reflecting the corrected amount is provided.” (Id. at 928.)
Cheryl Ivery, who seeks permission to intervene in this action should this court deem it necessary, moves to stay the sale, and for an order directing the issuance of an updated reference and a supplementary foreclosure judgment reflecting the corrected amount. In this regard, movant shows, inter alia, that nearly $20,000 in mortgage interest was paid by the borrower in 2008 — an amount that clearly would not have been reflected in a year 2007 reference. Movant argues that the issuance of the supplementary judgment after the operative date of the applicable provisions of the Subprime Lending Reform Act (L 2008, ch 472) entitles her to a response to the subprime loan inquiry authorized by section 3-a of that act and requests that the statutorily authorized settlement conference (CPLR 3408) be conducted if this is a subprime loan.
In response, plaintiff argues, inter alia, that the movant is not entitled to an updated reference and a supplemental foreclosure judgment because intervening bankruptcy proceedings in effect stopped the Bardi clock from running and consequently, in legal terms, one year has not passed between the judgment *462 and the sale. This court disagrees. The Bardi directive to issue an updated reference and an amended judgment is a determination founded in equity that recognizes that the passage of time without more can create significant changes in the balance sheet that must be accounted for by a court-appointed officer acting under the supervision of the court. It looks neither to fault nor merit — it seeks only a fair and accurate computation. Contrary to the plaintiffs observations, the procurement of a timely and accurate computation prior to the sale of the property ensures that the set-off price is accurate and is thus far preferable to any calculations and adjustments that may be made after the fact.
However, this court is in agreement with the plaintiff that in a case where the initial judgment of foreclosure is filed prior to the operative date of the relevant provisions of the Subprime Lending Reform Act and a supplementary judgment is filed after that date, the filing date of the main motion is what controls. Accordingly, the movant is not entitled to a response with respect to the subprime loan inquiry.
However, that is not to say that a conference should not be ordered in this matter. This court holds that where a foreclosure conference is requested, that request should be carefully considered on its merits regardless of whether it falls within the ambit of the Subprime Lending Reform Act. The huge volume of foreclosures in this county mandates this result. Even as conferences in all cases expedite the prompt, speedy and just resolution of controversies, this same beneficial outcome applies to the foreclosure area. Indeed, in the unique world of foreclosures, efficiency in the settlement of these cases achieves an equally important ancillary result — the preservation of our homes, neighborhoods and communities from the blight of abandoned and neglected foreclosed homes.
This court has reviewed the information submitted by the borrower and finds that in light of the fact that the borrower appears to have another lender prepared to cover the debt and has submitted a copy of a mortgage commitment to that effect, which fact is supported by documents showing personal income and anticipated income from the rentals on the premises, this court is hereby directing that a settlement conference be conducted.
Accordingly, the motion is granted to the extent that Cheryl Ivery is hereby granted permission to intervene in this action, and plaintiff is directed to submit an order for the appointment *463 of a referee to conduct an updated reference and to submit a supplemental judgment thereafter. The parties are to arrange for a conference in the foreclosure conference part within 30 days of the date of this decision.